**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUOC VIET FOODS, INC., a California corporation,<br><br>      Plaintiff-counter-<br>      defendant-Appellant,<br><br>  v.<br><br>VV FOODS, LLC, a Texas Limited Liability Corporation; NGA VU; THANH VU,<br><br>      Defendants-counter-<br>      claimants-Appellees. | No.   17-55331<br><br>D.C. No.<br>8:12-cv-02165-CJC-DFM<br><br><br>MEMORANDUM* |
| QUOC VIET FOODS, INC., a California corporation,<br><br>      Plaintiff-counter-<br>      defendant-Appellee,<br><br>  v.<br><br>VV FOODS, LLC, a Texas Limited Liability Corporation; NGA VU; THANH VU,<br><br>      Defendants-counter-<br>      claimants-Appellants. | No.   17-55742<br><br>D.C. No.<br>8:12-cv-02165-CJC-DFM |

Appeals from the United States District Court

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 6, 2018
Pasadena, California

Before:  TASHIMA and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

Following the jury's verdict that VV Foods, LLC (VV Foods) infringed Quoc Viet Foods, Inc.'s (Quoc Viet) seven valid and protectable trademarks (Underlying Cốt Marks), the district court granted VV Foods' Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law, concluding that the Underlying Cốt Marks were invalid.  *See Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014).  Quoc Viet appeals the district court's grant of judgment as a matter of law; the August 25, 2016 grant of summary judgment cancelling the Underlying Cốt Marks; the February 17, 2017 judgment invalidating Quoc Viet's other nine trademarks (Additional Cốt Marks) following a bench trial; and the February 27, 2017 judgment cancelling all sixteen trademarks.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse the district court's judgments and reinstate the original jury verdict in favor of Quoc Viet.

1.  The district court erred in granting judgment as a matter of law to VV

---

[**]    The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Foods. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). All involved agree that the validity of all sixteen trademarks depended on whether the word cốt, which appears in each mark, is suggestive or descriptive with an acquired secondary meaning. The jury, in fact, had substantial evidence from which it could find that the marks were suggestive because they required some "exercise of imagination" due to the play on words of cốt's multiple meanings that was amplified by intentional grammatical errors. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 632 (9th Cir. 2005). And, a jury could also reasonably have found that if the marks were descriptive, they acquired secondary meaning before VV Foods began to use them. Quoc Viet advertised extensively and exclusively used the marks, and VV Foods intentionally copied Quoc Viet's products and labels with the intent to deceive. *See Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 615 (9th Cir. 1989). Thus, we reinstate the jury verdict as to validity and infringement.

2. For the same reasons, we reverse each of the other judgments challenged on appeal. The issue of whether cốt is suggestive or descriptive with an acquired secondary meaning was "actually litigated and determined by a valid and final judgment," and the jury's "determination [was] essential to the judgment." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015) (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)); *see SEC v. Jensen*, 835 F.3d 1100, 1111–12 (9th Cir. 2016) (concluding that "the jury serves as the finder

3

of fact for 'issues common to both claims'" such that a judge is bound by the jury's verdict in ruling on subsequent claims (citation omitted)); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995), *overruled on other grounds, as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016) ("[A] final judgment is not a prerequisite for issue preclusion when a jury has rendered a conclusive verdict." (citing Restatement (Second) of Judgments § 13 (1982))).

Because the jury verdict stands, we reverse and vacate the district court's August 25, 2016 summary judgment order, February 17, 2017 decision that the Additional Cốt Marks are invalid, and February 27, 2017 judgment cancelling both the Underlying Cốt Marks and the Additional Cốt Marks.

3. VV Foods' cross-appeal of the district court's order denying attorneys' fees based on the grant of the judgment as a matter of law is dismissed as moot.

4. The district court incorrectly concluded that VV Foods' motion for new trial was moot. Fed. R. Civ. P. 50(c)(1). We remand to the district court to decide the new trial motion in the first instance as such a decision "is committed almost entirely to the trial judge's discretion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 764 n.15 (9th Cir. 2003).

In Appeal No. 17-55331, the judgment is **REVERSED AND REMANDED.**

In Appeal No. 17-55742, the appeal of attorneys' fees is **DISMISSED**, and

the judgment on the motion for new trial is **REVERSED**.

In both appeals, Quoc Viet shall recover its costs on appeal from VV Foods.